[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 25 2001
THOMAS K. KAHN
CLERK

----------------------
No. 00-13920
Non-Argument Calendar
----------------------
D. C. Docket No. 00-01065-CV-S

JAN EADY, individually and as class representative of all others similarly
situated and in her capacity as a taxpayer residing in Jefferson County,
Alabama,

Plaintiff-Appellant,

versus

DON SIEGELMAN, Hon., in his official capacity as Governor of the
State of Alabama, LUCY BAXLEY, Hon., in her official capacity as
Treasurer of the State of Alabama, et al.,

Defendants-Appellees.

------------------------
Appeal from the United States District Court
for the Northern District of Alabama
-------------------------
**(January 25, 2001)**

Before EDMONDSON, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Section 36-22-16(a) of the Code of Alabama (1975) provides in part that "[s]heriffs of the several counties in this state shall be compensated for their services by an annual salary payable in equal installments out of the county treasury as the salaries of other county employees are paid." Jan Eady brought a class action against several state and county officers in their official capacities on behalf of herself and the taxpayers of Jefferson County, Alabama, seeking injunctive and declaratory relief, an accounting, and monetary damages on the grounds that § 36-22-16(a) violates the Fourteenth Amendment of the United States Constitution. Eady appeals the district court's dismissal of her claims.

"We review the district court's order of dismissal de novo and will uphold a dismissal only if it appears beyond doubt that the allegations in the complaint, when viewed in the light most favorable to the plaintiff, do not state a claim upon which relief can be granted." Dillard v. Baldwin County Comm'rs, 225 F.3d 1271, 1275 (11th Cir. 2000). Upon thorough review of the complaint, we agree with the district court that Eady has not stated a claim upon which relief can be granted.[1]

---

[1]We also agree with the district court that, to the extent Eady seeks retrospective monetary relief, her claims are barred by the Eleventh Amendment. See Edelman v. Jordan, 415 U.S. 651, 663 (1974).

Eady alleges that § 36-22-16(a) is an unconstitutional taking of "property" from Jefferson County taxpayers without due process of law, in violation of the Fourteenth Amendment to the United States Constitution. Eady bases this claim on the theory that § 36-22-16(a) violates the Alabama Constitution by requiring counties to pay the salaries of county sheriffs.[2] The district court correctly concluded that Eady's allegations fail to state a viable claim for relief under the Fourteenth Amendment.

Because Eady did not allege that § 36-22-16(a) violates a fundamental right or involves a suspect classification, the district court correctly analyzed Eady's due process claim under rational basis scrutiny.[3] The court found that § 36-22-16(a) survives rational basis scrutiny because it bears a rational relation to a legitimate government interest. Specifically, the district court concluded that a statute requiring counties to pay sheriffs' salaries is rational because sheriffs are elected in county-wide elections and because counties are the direct beneficiaries of the services rendered by sheriffs. Because § 36-22-16(a) passes muster under the

_____

[2]The Alabama Constitution provides that county sheriffs are state officers. See Ala. Const. art. V, § 112 (1901). Eady's Fourteenth Amendment argument appears to presume that this provision entitles Alabama residents in each county to the services of a sheriff who is compensated by the state.

[3]Before it addressed Eady's due process claim, the district court properly found that Eady had no claim based on the equal protection clause of the Fourteenth Amendment because she did not allege that § 36-22-16(a) had a disparate impact on her or the putative class members vis-á-vis other Alabama residents.

3

rational basis test, the district court correctly concluded that Eady's complaint failed to state a claim for which relief can be granted under the Fourteenth Amendment.  We therefore affirm the district court's dismissal of Eady's complaint.

AFFIRMED.